## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,** | ) |
| 1000 Massachusetts Ave. NW | ) |
| Washington, DC 20001 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERAL BUREAU OF** | ) |
| **INVESTIGATION,** | ) |
| 935 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20535 | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| 950 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff CATO INSTITUTE brings this suit to force Defendants FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce records regarding produce records regarding audits of the FBI's compliance or noncompliance with FISA Section 702.

## PARTIES

2. Plaintiff CATO INSTITUTE ("CATO") is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues.  CATO is the FOIA requester in this case.

3. Defendant FEDERAL BUREAU OF INVESTIGATION is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.       Defendant U.S DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  DOJ is the parent agency of FBI.

## JURISDICTION AND VENUE

5.       This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.       Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## AUGUST 19, 2024 FOIA REQUEST TO FBI

7.       On August 19, 2024, CATO submitted a FOIA request for the following records to FBI:

> 1. Records that mention Cato's June 8, 2023, FOIA request for FISA Section 702 query audits.
>
> 2. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and NSD personnel referencing FISA Section 702 noncompliance incidents.
>
> 3. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, or Office of Legal Counsel referencing FISA Section 702 noncompliance incidents.
>
> 4. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and the Foreign Intelligence Surveillance Court (FISC) or the Foreign Intelligence Surveillance Court of Review (FISCR) referencing FISA Section 702 noncompliance incidents.
>
> 5. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and staff or Members of the House Committee on the Judiciary, House Permanent Select Committee on Intelligence, Senate Committee on the Judiciary, and the Senate Select Committee on Intelligence referencing FISA Section 702 noncompliance incidents.

8.       A true and correct copy of the original FOIA request is attached as Exhibit 1.

9. On August 19, 2024, FBI acknowledged receipt of the request.

10. A true and correct copy of FBI's acknowledgement notification email is attached as Exhibit 2.

11. On August 27 and 28, 2024, FBI claimed that items one through four of the FOIA request were "overly broad".

12. True and correct copies of the correspondence are included in Exhibit 3.

13. On August 29, 2024, FBI stated that it did not locate any records in response to item five of Plaintiff's request. *Id*.

14. On August 29, 2024, Plaintiff submitted an appeal contesting FBI's responses to all five items of their FOIA request.

15. A true and correct copy of the appeal letter is attached as Exhibit 4.

16. On September 3, 2024, DOJ rejected Plaintiff's appeal and affirmed FBI's initial responses to the request.

17. A true and correct copy of the letter is attached as Exhibit 5.

18. As of the date of this filing, FBI has failed to make any responsive records available to Plaintiff as soon as practicable.

## COUNT I – FBI'S FOIA VIOLATION

19. The above paragraphs are incorporated by reference.

20. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

21. Defendant FBI is a federal agency subject to FOIA.

22. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

23. Defendant FBI has failed to conduct a reasonable search for records responsive to the request.

24. Defendant FBI has failed to issue a determination within the statutory deadline.

25. Defendant FBI has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

    i.    declare that Defendants have violated FOIA;

    ii.    order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

    iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

    iv.    award Plaintiff attorneys' fees and costs; and

    v.    award such other relief the Court considers appropriate.

Dated: October 4, 2024

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff,
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com